IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALEXANDRA N. b/n/f<br>SAM AND TINA N., | *<br>*<br>* |
| Plaintiff, | *<br>* |
| v. | *   Civil No. 3: 04-CV-2513-H<br>* |
| DESOTO INDEPENDENT SCHOOL<br>DISTRICT, | *<br>*<br>* |
| Defendant. | * |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the parties' Proposed Findings of Fact and Conclusions of Law ("PFFCL"), filed July 5, 2005, and the Administrative Record in Texas Education Agency Docket No. 278-SE-0503.  For the reasons below, the decision of the Special Education Hearing Officer is **AFFIRMED**.

**I.    BACKGROUND**

This case is before the Court on appeal from a decision of a Special Education Hearing Officer ("SEHO") for the State of Texas pursuant to 20 U.S.C. § 1400 *et seq*. in Texas Education Agency Docket No. 278-SE-0503, styled "Alexandra N. b/n/f Sam and Tina N., v. De Soto Independent School District."  The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(2).

The "'alleged action that serves as the basis for the hearing request' occurred in August, 2002 when the District proposed an [individualized education plan ("IEP")] for Alex[andra]

and the parents disagreed with it, requesting that she be placed at the Shelton School at [Defendant's] expense." (Pl.'s PFFCL at 17, 36.) Plaintiff now admits that the IEP developed in August 2002 was appropriate. (Admin. Rec. at 7.; *see also* Pl.'s PFFCL at 34.)

The issue before the Court then, is whether Plaintiff is entitled to compensation by way of reimbursement for private school placement. Plaintiff alleges that she made minimal progress during the two years she attended public school and that she is entitled to two years reimbursed education in the proper private facility of her choosing as compensation for the two years Plaintiff was taught in public schools. (Pl.'s PFFCL at 35.)

Plaintiff asserts various points of error in the SEHO's decision and asserts that those errors warrant reimbursement to Plaintiff for her enrollment at a private educational facility for two years.

## II.    STANDARD OF REVIEW

Under the Individuals with Disabilities Education Act ("IDEA" or "the Act"), the Court has jurisdiction to review the SEHO's decision based upon the administrative record and additional evidence if requested by a party. *See* 20 U.S.C. § 1415(i)(2)(B). The Court "must accord 'due weight' to the hearing officer's findings, . . . but 'must ultimately reach an independent decision based on a preponderance of the evidence." *Houston Indep. Sch. Dist. v. Bobby R.*, 200 F.3d 341, 347 (5th Cir. 2000). "Thus, the district court's review is 'virtually *de novo*.'" *Id*. (quoting *Cypress-Fairbanks Indep. Sch. Dis. v. Michael F.*, 118 F.3d 245, 248, 252 (5th Cir. 1997)).

While review of the SEHO's decision is virtually *de novo*, the IDEA creates a presumption that the individualized education plan ("IEP") and resulting placement adopted by the IEP team are appropriate. *See Michael F.*, 118 F.3d at 252; 34 C.F.R. § 300.343; *see also* 19 Tex.

2

ADMIN. CODE § 89.1050 (referring to the IEP team as the Admission, Review, and Dismissal Committee or ARD Committee). Accordingly, the party challenging the IEP must prove by a preponderance of the evidence that the IEP is inappropriate.

The Court's task is "not to second-guess state and local policy decisions; rather, it is the narrow one of determining whether state and local school officials have complied with the Act." *Four Bluff Indep. Sch. Dist. v. Katherine M. by Lesa T.*, 91 F.3d 689, 693 (5th Cir. 1996). This is a two-pronged inquiry: (1) whether the District has complied with the procedures set forth in the IDEA, and (2) whether the resulting IEP is reasonably calculated to provide a meaningful educational benefit. *See Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 207-08 (1982). In the instant case, Plaintiff challenges the IEP and therefore bears the burden of proving that the IEP is inappropriate, either in procedure or in substance.

### III. ANALYSIS

Plaintiff claims that the SEHO made a number of procedural and substantive points of error in his decision and that as a result of those errors, Plaintiff is entitled to reimbursement from Defendant for two years of private education, where Plaintiff was unilaterally placed by her parents.

To establish an entitlement to be reimbursed, Plaintiff has the burden of proving that "(1) an IEP calling for placement in a public school was inappropriate under the IDEA, and (2) the private school placement by the parents was proper under the Act." *Michael F.*, 118 F.3d at 248, 252 (internal citation omitted).

To determine whether the IEP placement was inappropriate, the Court must determine (1) whether the District has complied with the procedures set forth in the IDEA, and (2) whether the resulting IEP is reasonably calculated to provide a meaningful educational benefit. *See Rowley*, 458

U.S. at 207-08.

### A. Procedural Violations

Plaintiff claims the following six procedural points of error which Plaintiff claims make the IEP inappropriate and warrants compensation:

(1) No ARD Committee met between October 27, 2000, and October 31, 2001, to discuss Plaintiff's placement in the inclusion kindergarten class during the 2000-2001 school year in violation of 34 C.F.R. §§ 300.501(c), .552. (Pl.'s PFFCL at 22.)

(2) No ARD Committee discussed or agreed to Plaintiff's retention in kindergarten for a second year during the 2001-2002 school year in violation of 34 C.F.R. §§ 300.501(c), .552. (*Id.* at 22-23.)

(3) No IEP was developed for the core academic subjects during Plaintiff's second year in kindergarten in violation of 34 C.F.R. §§ 300.342(a)-(b), .347(a).[1] (*Id.* at 23.)

(4) IEP "report cards" were not completed in accordance with 34 C.F.R. § 300.347(a)(7)(ii)(A). (*Id.* at 24.)

(5) Defendant did not consider the report of Plaintiff's independent educational evaluator, Dr. Patricia Evans, in violation of 34 C.F.R. § 502(c)(1). (*Id.* at 24-25.)

---

[1] Plaintiff's PFFCL is self-contradictory on this point in that Plaintiff acknowledges that an IEP was developed on October 31, 2001. (Pl.'s PFFCL at 23.) Plaintiff's pleadings lack sufficient clarity to enable the Court to decipher Plaintiff's argument. Plaintiff failed to provide the Court with any citations to the Administrative Record on this argument. The Court will not sift through the record or assume that the necessary facts to make Plaintiff's case exist. *See, e.g., Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). Accordingly, the Court finds that Plaintiff failed to establish by a preponderance of the evidence that the IEP was inappropriate on this ground.

(6) Plaintiff did not receive a physical therapy evaluation requested by the ARD Committee on October 27, 2000, until June 2002, in violation of 20 U.S.C. § 1414(b)(3)(C). (*Id.* at 25-26.)

The SEHO did not address Plaintiff's claims of procedural violations, finding that although "[t]he district's efforts in Alex[andra]'s kindergarten years failed to provide her with measurable goals and objectives specifically tailored to Alex[andra]'s unique needs," "the one year statute of limitations controls the period in which they could be entitled to relief." (Admin. Rec. at 8-9.) The Texas statute of limitations reads: "a parent or public education agency must request a due process hearing within one year of the date the complainant knew or should have known about the alleged action that serves as the basis for the hearing request." 19 TEX. ADMIN. CODE § 89.1151(c).

Plaintiff filed her due process hearing request on May 7, 2003. Plaintiff does not dispute that the statute of limitations applies to the filing of a claim. Instead, Plaintiff argues that the one year limitations period does not preclude a compensatory award which predates the limitations period.[2] The Court, however, finds no leeway in the Texas statute setting the limitations period. Accordingly, the Court is of the opinion that the Texas statute, odd as it may seem, requires a plaintiff to request a hearing each year to address any procedural or substantive violations which

---

[2] "Compensatory education involves discretionary, prospective, injunctive relief crafted by a court to remedy what might be termed an educational deficit created by an educational agency's failure over a given period of time to provide a [free appropriate public education] to a student." *See G. v. Fort Bragg Indep. Schools*, 343 F.3d 295, 309 (4th Cir. 2003); *see also Burlington Sch. Comm. v. Dep't of Educ.*, 471 U.S. 359, 369 (1985). The amount of compensatory education is frequently equal to the time lost from the denial of free appropriate public education. *See M.C. ex rel. J.C. v. Cent. Reg'l Sch. Dist.*, 81 F.3d 389, 391-92 (3d Cir. 1995); *Parents of Student W. v. Puyallup Sch. Dist. No. 3*, 31 F.3d 1489 (9th Cir. 1994). Indeed, some courts have established a presumption that a one-to-one compensation requirement is appropriate. *Westendorp v. Indep. Sch. Dist. No. 273*, 35 F. Supp. 2d 1134, 1137-38 (D. Minn. 1998).

may have occurred the prior year.³ Given the unambiguous language of the statute, the Court has no alternative but to affirm the SEHO's decision that the statute of limitations precludes recovery for any procedural violations occurring prior to May 7, 2002. Since Plaintiff has alleged no procedural violations occurring between May 7, 2002, and May 7, 2003, the Court turns now to Plaintiff's allegations that the IEP failed to provide Plaintiff with any meaningful educational benefit.

### B.     Meaningful Educational Benefit

To determine whether an IEP is reasonably calculated to provide a meaningful educational benefit requires an analysis of four factors: "(1) the program is individualized on the basis of the student's assessment and performance; (2) the program is administered in the least restrictive environment; (3) the services are provided in a coordinated and collaborative manner by

---

³ Although the Court feels constrained by the Texas statute, it hopes that the Texas legislature may reconsider its position in light of existing law and the Department of Education position. *See* Letter to David Heckler, Legislative Director, Office of Assemblyman Lynn Daucher, from Stephanie Smith Lee, Director, Office of Special Education Programs, United States Department of Education, dated July 22, 2004, http://www.ed.gov/policy/speced/guid/idea/letters/2004-3/heckler072204appeal3q2004.pdf.

The Court is of the opinion that it ought be able to fashion an appropriate remedy to compensate a student for an education agency's failure to provide a free appropriate public education. *See* 20 U.S.C. § 1415(i)(2); 34 C.F.R. § 300.512. *See Burlington Sch. Comm.*, 471 U.S. at 369. This has been held by various appellate courts to warrant compensation for multiple years of educational deficiency, even when the statute of limitations did not extend so far. *See Reid ex rel. Reid v. Dist. of Columbia*, 401 F.3d 516 (D.C. Cir. 2005) (awarding compensation for educational deficit of four years); *Mewborn ex rel. N.V. v. Gov't of Dist. of Columbia*, 360 F. Supp. 2d 138, 143 (D.D.C. 2005) ("The right to compensatory education accrues when the *school district* knew or should have known that a disabled child was not receiving a free and appropriate education.") (citing *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 250 (3d Cir. 1999) (emphasis added); *see also Argueta v. Gov't of Dist. of Columbia*, 355 F. Supp. 2d 408, 413 (D.D.C. 2005) (same); *Westendorp*, 35 F. Supp. 2d at 1137 (awarding six years retroactive educational compensation). While no case directly addresses the statute of limitations issue, the Eighth Circuit applies the personal injury statute of limitations period to IDEA claims when no statute exists. *Birmingham v. Omaha Sch. Dist.*, 220 F.3d 850, 854-55 (8th Cir. 2000). In Minnesota, the statute of limitations period for personal injury claims is generally two years. MINN. STAT. ANN. § 541.07 (1996); *W.J.L. .v Bugge*, 573 N.W.2d 677, 679-680 (Minn. 1998).

the key "stakeholders"; and (4) positive academic and non-academic benefits are demonstrated." *Michael F.*, 118 F.3d at 253; *Bobby R.*, 200 F.3d at 347-48. "An IEP need not be the best possible one, nor one that will maximize the child's educational potential; rather, it need only be an education that is specifically designed to meet the child's unique needs, supported by services that will permit him 'to benefit' from the instruction." *Houston Indep. Sch. Dist. v. Bobby R.*, 200 F.3d 341, 347 (5th Cir. 2000).

Because Plaintiff filed her request for a hearing on May 7, 2003, Plaintiff is only eligible for compensation between May 7, 2002, and May 7, 2003. By Plaintiff's own admission, the August 14, 2002, IEP was appropriate. (Admin. Rec. at 7.; *see also* Pl.'s PFFCL at 34.) Plaintiff has not provided any evidence which would establish otherwise. Accordingly, Plaintiff has failed to establish that she is entitled to any compensation for the period between August 14, 2002, and May 7, 2003.

Neither party appeals the SEHO's finding that Defendant failed to provide a free appropriate public education between May 7, 2002, and August 14, 2002. (*See* Admin. Rec. at 7-8.) Plaintiff provides no evidence which would establish that the compensation awarded by the SEHO for the period between May 7, 2002, and August 14, 2002, was inadequate. Further, Plaintiff fails to establish by a preponderance of the evidence that she is entitled to any reimbursement for private education as compensation for the inadequate public education received between May 7, 2002, and August 14, 2002.[4] Accordingly, the SEHO's findings and conclusions must be affirmed.

---

[4] Whether the Defendant's plan for implementing the SEHO's decision is sufficiently compensatory is not before this Court.

IV.     CONCLUSION

For the foregoing reasons, the decision of the SEHO is **AFFIRMED**.

Judgment will be entered separately.

SO ORDERED.

DATED:  July 25, 2005

_____
**BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS**

8